**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

```
_____
                                    :
AL-WAHID KARIM ALI,                 :
                                    :   Civil Action No. 08-70 (SDW)
            Petitioner,             :
                                    :
        v.                          :   M E M O R A N D U M
                                    :          O R D E R
BRUCE HAUCK, et al.,                :
                                    :
            Respondents.            :
_____:
```

IT APPEARING THAT:

1. Petitioner AL-WAHID KARIM ALI ("Petitioner"), currently confined at Northern State Prison, Newark, New Jersey, filed a pro se petition seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") and submitted due application to proceed in forma pauperis.

   Petitioner challenges his 1992 state court conviction.

2. The Petition is extremely confusing as to the dates of the rulings associated with Petitioner's conviction, as well as to the courts issuing these decisions. To start, Petitioner wholly omits to state the date of his conviction, electing to leave the answer space blank. See Pet. ¶ 2. Then, Petitioner informs this Court that he appealed his conviction to the "Superior Court of Essex County," and the result of such appeal was a denial rendered "10/27/94 O.D.P.F. 1-11-95." See id. ¶ 9. Right thereafter, Petitioner states that he filed a

second appeal, with respect to which "cert[ification was] denied [on] 11-13-07." Id. Following that statement, Petitioner informs the Court that he submitted an application for post-conviction relief, without stating the date of submission, and completes the history of his applications by marking all other entries "n/a." See id. ¶ 11.

3. The Court's own inquiry in the history of Petitioner's conviction, appeals, application for post conviction relief and completion of his prison term revealed as follows:[1]

> [Petitioner's] judgment of conviction was entered on October 2, 1992, adjudging [him] guilty of a third-degree crime proscribed by N.J.S.A. 2C:39-5b and sentencing [him] to a five-year custodial term with two and one-half years of parole ineligibility. . . . Subsequently, [Petitioner] pursued a direct appeal of his conviction. [The Superior Court of new Jersey, appellate Division] affirmed the conviction . . . on October 27, 1994. [Petitioner] then sought certification in the Supreme Court [of New Jersey], which was denied on January 10, 1995. [Petitioner's] bail was revoked as a result of his unsuccessful direct appeal. He served his entire sentence. More than eight years after his judgment of conviction, [he] filed a [post conviction relief] petition with the Law Division on January 25, 2001. . . . [T]he judge dismissed [that] application as untimely [and on] merits.

---

[1] Petitioner's criminal prosecution resulted from "a high-speed police chase on October 11, 1991 in which a pursued Lincoln automobile, which had three occupants, crashed into a stop sign. The driver and front passenger fled. The rear passenger . . . was arrested. The police found [Petitioner's] wallet and driver's license in the Lincoln's glove box, and a .38 caliber handgun on the floor below the front passenger seat. [Petitioner's] girlfriend . . . had reported the Lincoln as stolen." State v. Ali, 2007 WL 135816, at *1 (N.J. Super. App. Div. Jan. 22, 2007).

    <u>State v. Ali</u>, 2007 WL 135816, at *1 (N.J. Super. App. Div. Jan. 22, 2007). The Appellate Division affirmed the dismissal on January 22, 2007. <u>See</u> <u>id.</u> The Supreme Court of New Jersey denied Petitioner certification on November 13, 2007. <u>See</u> <u>State v. Ali</u>, 2007 N.J. LEXIS 1446 (N.J. Nov. 13, 2007); <u>accord</u> Pet. ¶ 9.

4. Pursuant to Section 2254(a), "a district court shall entertain an application for a writ of habeas corpus in behalf of *a person in custody pursuant to the judgment of a State court* only on the ground that *he is in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis supplied). A federal court has no jurisdiction to entertain a habeas petition unless the petitioner meets this "in custody" requirement. Indeed, as the Court of Appeals for the Third Circuit observed, "custody is the passport to federal habeas corpus jurisdiction." <u>United States ex rel. Dessus v. Commonwealth of Pennsylvania</u>, 452 F.2d 557, 560 (3d Cir. 1971), <u>cert.</u> <u>denied</u>, 409 U.S. 853 (1972). While the definition of the term "custody" is broader than that of a mere physical confinement and includes other limitations on a person's liberty, for instance, such as those imposed during parole, <u>see</u> <u>Maleng v. Cook</u>, 490 U.S. 488, 491 (1989), <u>see</u> <u>also</u> <u>Hensley v. Municipal Court</u>, 411 U.S. 345 (1973) (habeas petitioner released on own recognizance, but

who suffered restraints on freedom of movement not shared by public generally, met the "in custody" requirement), a habeas petitioner cannot be deemed "in custody" under a conviction *when the sentence imposed for that conviction has fully expired at the time when his petition has been filed*. This unambiguous definition precludes this Court from entertaining Petition since Petitioner cannot be deemed in custody as a result of his 1992 sentence, which was fully served.[2]  See Maleng, 490 U.S. at 491.

5. Moreover, the Petition appears to be woefully time-barred. On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  For

---

[2] Accord <<https://www6.state.nj.us/DOC_Inmate/details?x=1244639&n=1>>, indicating that an inmate named Al-wahid Ali (having aliases Ali, Al; Ali, Alwahid; Ali, Alwashid; Ali, Wahid; Harris, Allen; Harris, Landoress; Landoress, Aa; Landoress, Alfonso; Landoress, Altarig; Landoress, Altariq; Roberts, Alfonso; Robertson, Alfonso; Robinson, Alfonso), currently confined at Northern State Prison and having SBI number identical to that of Petitioner, is presently incarcerated not on the basis of October 2, 1992, conviction (which ensued from an Essex County high-speed chase, car crash and discovery of a handgun), but rather because of Petitioner's conviction for theft, burglary, assault and other offenses (all of which were committed in the Union County on July 27, 1999) that entailed a maximum term of imprisonment of 18 years.

the purposes of Petitioner's Application, the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). A state-court criminal judgment becomes "final" within the meaning of §2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13. "If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired." Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999). Therefore, Petitioner's conviction became final 90 days after January 10, 1995, that is, the date when the Supreme Court of New Jersey denied Petitioner certification. Because Petitioner's conviction became final prior to the effective date of the AEDPA on April 24, 1996, his one-year limitations period began on April 24, 1996. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Nara v. Frank, 264 F.3d 310, 315 (3d Cir. 2001); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

      Absent statutory or equitable tolling, the limitations period expired on April 23, 1997. See id.

5. The statute of limitations under § 2244(d) is subject to tolling exception(s), that is, statutory tolling and, perhaps, equitable tolling.[3] See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998). Section 2244(d)(2) requires statutory tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2) (emphasis supplied).

6. Petitioner's 1-year period of limitation was, however, not statutorily tolled by his filing of his application for post-conviction relief because the limitations period had already run when the application was filed. See Long v. Wilson, 393 F.3d 390, 394-95 (3d Cir. 2004); Schlueter v. Varner, 384 F.3d 69, 78-79 (3d Cir. 2004).

7. Presuming that the AEDPA statute of limitations is subject to equitable tolling, see Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998), "a litigant seeking equitable tolling [would] bear[] the burden of establishing

---

[3] Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814, n.8 (2005) ("We have never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations").

two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 125 S.Ct. 1807, 1814 (2005). The Third Circuit instructs that equitable tolling could be appropriate only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005). Mere excusable neglect is not sufficient.[4] See id.; see also Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim. See Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir.

---

[4] Claim of "ineffective assistance of counsel" does not provide basis for equitable tolling. See Pace, 125 S. Ct. at 1814, n.9 (dismissing the "ineffective assistance of counsel" excuse offered by the petitioner who asserted "that he received ineffective assistance of counsel at 'all levels of representation'" ).

2005). Moreover, even where extraordinary circumstances do exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)). Since Petitioner's Petition, as it stands now, is silent as to any circumstances that might prompt this Court to consider equitable tolling with respect to more than a decade of the delay in Petitioner's filing of his instant Petition, this Court has no reason to grant Petitioner equitable tolling.[5]

**THEREFORE IT IS on this 16th. day of JANUARY , 2008,**

**ORDERED** that Petitioner's application to proceed in forma pauperis is granted; and it is further

**ORDERED** that Petition is dismiss for failure to meet the in-custody requirement and as untimely, pursuant to 28 U.S.C. § 2254; and it is further

---

[5] While, under typical circumstances, this Court would allow Petitioner to amend his Petition by stating his grounds for equitable tolling, if any, covering this more-than-a-decade delay, this Court finds that granting Petitioner such leave to amend would be wholly futile in view of Petitioner's not in-custody status for the purposes of his challenges to his October 2, 1992, conviction.

**ORDERED** that the Court denies Petitioner a certificate of appealability, pursuant to 28 U.S.C. § 2253(c);[6] and it is finally

**ORDERED** that the Clerk shall serve copies of this Order upon Petitioner by regular mail and shall close the file on this matter.


/s/ **Susan D. Wigenton**
**United States District Judge**

---

[6] The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA") on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. The Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition for failure to meet the in-custody requirement and as untimely is correct.